JACK W. AND JANET S. KING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 12609-87.
United States Tax Court
T.C. Memo 1988-26; 1988 Tax Ct. Memo LEXIS 26; 54 T.C.M. (CCH) 1594; T.C.M. (RIA) 88026; January 25, 1988. Richard D'Estrada, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to the 1984 taxable year. The issue is whether the petition was timely filed with respect to the 1984 taxable year. At the time the petition in this matter was filed, petitioners resided in Colorado Springs, Colorado. On December 5, 1986, respondent sent petitioners a notice of deficiency in the amount of $ 6,532 for the 1984 taxable *27 year. By letter dated March 12, 1987, respondent thanked petitioners for information and stated: [The information] justifies a change in our proposed adjustment to your tax liability. We have enclosed two copies of a report supplementing the notice of deficiency we sent you earlier. This report explains the changes we made to our proposed adjustments based on the new information you sent. If you do not accept our findings, you may petition the United States Tax Court for a redetermination of your tax liability, as explained in the notices of deficiency we sent you earlier. This correspondence and reconsideration of your case have not extended the period in which you may file a petition with United States Tax Court. If you do not file a petition within the allotted time, we will assess the tax and bill you.
Attached to the letter was a report dated February 24, 1987, which indicated that the corrected deficiency was $ 4,284. [1]
*28 On March 6, 1987, respondent sent petitioners a notice of deficiency in the amount of $ 2,829 for the 1983 taxable year. A petition challenging the 1983 and 1984 deficiency determinations was received by the Court on May 12, 1987, in an envelope postmarked May 9, 1987. The petition alleges that the report dated February 24, 1987, was a notice of deficiency for the 1984 taxable year. True to this allegation, the petition further alleges that the deficiency for 1984 is in the amount of $ 4,284, the amount set forth in the February 24, 1987, report, not $ 6,532, the amount set forth in the December 5, 1986, notice of deficiency. On October 23, 1987, respondent filed a motion to dismiss for lack of jurisdiction and to strike as to the 1984 taxable year. Petitioners were ordered to respond or object to respondent's motion on or before December 1, 1987. The Court has not received a response or objection from petitioners. Respondent correctly notes that the petition was filed more than 90 days after the December 5, 1986, notice of deficiency for the 1984 taxable year was sent. [2] Were this the only consideration, we would readily grant respondent's motion to dismiss for lack of jurisdiction *29 because the petition was not timely filed with respect to the December 5, 1986, notice of deficiency for the 1984 taxable year. See ; ; sec. 6213(a). [3] However, it is clear from the petition that petitioners contend that the February 24, 1987, report sent with the transmittal letter dated March 12, 1987 (hereinafter the "letter and report"), constitutes a notice of deficiency for the 1984 taxable year. If petitioners' contention in this regard is correct, respondent's motion will be denied because the petition was filed within 90 days after the letter and report were sent. Accordingly, we must determine whether the letter and report constitute a notice of deficiency for the 1984 taxable year. *30 At the outset we note that respondent is not prohibited from issuing additional notices of deficiency for the same taxable year unless "the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a)." sec. 6212(c)(1). [4] Petitioners did not file a petition with the Tax Court with respect to the December 5, 1986, notice of deficiency as of the date of the report, February 24, 1987, as of the date of the report was sent, March 12, 1987, or within the period prescribed by section 6213(a). Accordingly, section 6212(c) is not a basis for holding that the letter and report do not constitute a notice of deficiency. No particular form is required for a notice of deficiency. . "[T]he notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." . The notice must, at a minimum, *31 set forth the amount of the deficiency and the taxable years involved. See , affd. in part and vacated in part . The notice need not contain any particulars or explanations as to how the deficiency was determined. See , affg. a Memorandum Opinion of this Court. Though the letter and report meet the minimum requirements of a notice of deficiency, for the reasons stated below we hold that the letter and report do not constitute a notice of deficiency. The letter contains several statements which clearly indicate that it is not a notice of deficiency. The letter states that the report supplements the notice of deficiency that had already been sent to petitioners. The letter reminded petitioners that they may file a petition with this Court "as explained in the notice of deficiency [respondent] sent [petitioners] earlier." Finally, the letter clearly informed petitioners that it does not extend the period in which they may file a petition with this Court. The letter pellucidly indicates that it is *32 not a notice of deficiency. The report, considered in light of the letter, does not constitute a notice of deficiency. The letter clearly indicates that the report is a supplement to a previously sent notice of deficiency, thereby precluding any inference that the report is a notice of deficiency. The report contains language which if evaluated in isolation of the letter is confusing and possibly misleading. See n.1, supra. However, the report and letter must be considered simultaneously and as such are not confusing or misleading. We hold that the letter and report do not constitute a notice of deficiency. The only notice of deficiency issued for the 1984 taxable year was the December 5, 1986, notice of deficiency. With respect to this notice, the petition was not timely filed and this Court lacks jurisdiction as to the 1984 taxable year. ;; sec. 6213(a). We will grant respondent's motion to dismiss for lack of jurisdiction and strike as to the 1984 taxable year. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. The report contained the following statements: Although this report is subject to review, you may consider it as your notice that your case is closed * * *. Consent to assessment and collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report.
Petitioners did not sign the report and, accordingly, did not "consent." ↩
2. The petition was filed within 90 days after the notice of deficiency for the 1983 taxable year was sent. The Court's jurisdiction with respect to the 1983 taxable year is not questioned. ↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. Section 6213(a) prescribes, in situations such as the present, that a petition be filed within 90 days after the notice of deficiency is mailed. ↩